IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEFF BRASSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-160 |
| | ) | |
| RICHMOND COUNTY; PETE LAMB; and | ) | |
| SHERYL B. JOLLY, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 12, 2019, Petitioner, an inmate at Wheeler Correctional Facility in Alamo, Georgia, submitted an application for writ of habeas corpus, filed on forms used for general civil actions in the Superior Courts of the State of Georgia, challenging a judgment of conviction entered in the Superior Court of Richmond County. (Doc. no. 1.) That same day the Clerk of Court issued a Notice of Filing Deficiency because Petitioner failed to pay the filing fee or move to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Petitioner had until October 3, 2019 to either submit the filing fee or move to proceed IFP.

Upon review of Petitioner's filings, it is unclear whether he is attempting to assert a petition for state or federal habeas corpus relief. Therefore, on September 20, 2019, the Court explained if Petitioner intended to pursue federal habeas relief pursuant to 42 U.S.C. § 2254, he must file a separate habeas corpus petition and $5.00 filing fee in compliance with the Clerk of Court's September 12th Notice of Filing Deficiency. (See doc. no. 3, p. 2.) The Court further provided explicit instructions and the required forms for pursuing federal

habeas corpus relief and cautioned Petitioner that failure to respond and clarify the relief sought as instructed would result in a recommendation for dismissal without prejudice of this captioned case. Petitioner did not respond, nor has he filed anything since his first filed petition, and his refusal to respond as instructed leaves the Court faced with the prospect of a stagnant case that cannot move forward. In addition, Petitioner has been discharged from prison and failed to notify the court of the move or his new address. See http://www.dcor.state.ga.us; follow Find an Offender Link; search "Brassell, Jeff" (last visited Oct. 28, 2019).

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful

disobedience or neglect of any order of the Court").

Here, the Court explained to Petitioner that to pursue federal habeas relief pursuant to § 2254, he must file an amended petition for habeas corpus relief or notify the Court on or before October 3, 2019 of his intent to withdraw the present petition and seek to proceed in state court. (Doc. no. 3.) The Court also warned Petitioner that failing to respond as instructed would result in a recommendation for dismissal of this case without prejudice. (Id. at 3.) Indeed, because Petitioner did not respond, it is impossible to know what type of relief he seeks from this Court.

Petitioner's failure to comply with the terms of the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue. Cf. Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with multiple court instructions to select civil rights or habeas corpus relief). This is precisely the type of neglect contemplated by the Local Rules. However, Petitioner should note that, while a subsequent § 2254 motion will not be barred purely by virtue of the dismissal of this action, any future petition for a writ of habeas corpus and/or § 2254 motion that he files will be subject to all statutory provisions applicable to such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §§ 2244 & 2255. Accordingly, the Court **REPORTS** and

**RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of October, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA